# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CORNELIUS A. GREEN, JR.,<br><br>               Plaintiff,<br><br>v.<br><br>ANDREW POHL and JOHN BIRDYSHAW,<br><br>               Defendants. | Case No. 19-CV-1574-JPS<br><br>**ORDER** |

Cornelius A. Green, Jr. ("Plaintiff") is a prisoner at Waupun Correctional Institution ("Waupun"). Plaintiff brings this action, *pro se*, pursuant to 42 U.S.C. § 1983 against Andrew Pohl and John Birdyshaw ("Defendants"), who are both Correctional Officers at Waupun. (Docket #1). Plaintiff alleges that Defendants violated his Eighth Amendment rights by using excessive force. (*Id.*) On December 20, 2019, this Court screened Plaintiff's complaint and allowed him to proceed. (Docket #11).

Defendants filed a motion for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies. (Docket #15). This motion has been fully briefed. For the reasons stated below, the Court concludes that summary judgment must be denied because a material issue of fact exists regarding exhaustion. Additionally, Defendants filed a motion to stay the summary judgment deadline, (Docket #28), which the Court will grant in part and will vacate its scheduling order deadlines due to the COVID-19 pandemic. (Docket #14).

1. **STANDARD OF REVIEW**

    1.1 **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2 **Exhaustion of Prisoner Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties

the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections ("DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

authority. *Id.* § DOC 310.10(9),(12). The reviewing authority will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the reviewing authority accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Plaintiff alleges that on November 15, 2018, both Defendants assaulted him in various ways as Plaintiff was being moved about the prison. (Docket #1 at 2–3). Plaintiff claims to have suffered a broken lip, bruises, and a scar on his shoulder. (*Id.* at 3). On September 25, 2019, Plaintiff filed an inmate complaint, WCI–2019–16893, alleging he was assaulted on November 15, 2018 by Defendants. (Docket #18, #18-2 at 6). The ICE received Plaintiff's inmate complaint on September 26, 2019. (Docket #18-2 at 1). The same day, the ICE recommended dismissal of the complaint to the reviewing authority. (*Id.* at 2).

The reviewing authority dismissed the complaint on September 27, 2019. (*Id.* at 3). Plaintiff was instructed that if he was dissatisfied with the decision, he may, "within 14 days after the date of the decision, appeal that decision by filing a written request for review with the Corrections

Complaint Examiner on Form DOC–405." (*Id.* at 3). There is no record in the Inmate Complaint History Report ("ICHR") that Plaintiff ever appealed the dismissal of his inmate complaint. (Docket #18 at 3; #18-1).

However, Plaintiff states that he did appeal to the CCE on September 30, 2019, but never received a response from CCE. (Docket #20 at 2; #21 at 2). In support, Plaintiff provided an inmate complaint appeal form ("Appeal Form"). (Docket #21-1). Plaintiff does not have a receipt from the CCE regarding his appeal. (Docket #20 at 2).

3. ANALYSIS

Defendants allege that Plaintiff did not exhaust the available administrative remedies because Plaintiff did not appeal the inmate complaint dismissal to the CCE. (Docket #16 at 5). Plaintiff claims that he did appeal the dismissal, but he did not receive a response from the CCE. (Docket #20 at 2). Plaintiff has provided an Appeal Form signed on September 30, 2019 to support his claim. (Docket #21-1). Plaintiff states that he should not bear the burden of making sure his Appeal Form made it to the CCE and he had no reason to believe he did not exhaust his administrative remedies. (Docket #24 at 1–2). Defendants claim that Plaintiff's Appeal Form is not evidence that he properly appealed because Wisconsin's Inmate Complaint Tracking System ("ICTS") employs a receipt system, and Plaintiff admits he never received a receipt or response. (Docket #22 at 1–2).

To support their argument, Defendants cite *Lockett v. Bonson*, 937 F.2d 1016 (7th Cir. 2019), a case in which the Seventh Circuit concluded that a Wisconsin inmate had failed to exhaust his administrative remedies even though the inmate said that he had filed an appeal. The Seventh Circuit focused on the absence of a receipt, stating it was a red flag that should have

Page 5 of 7
Case 2:19-cv-01574-JPS   Filed 09/14/20   Page 5 of 7   Document 29

notified the inmate that his appeal was not received. *Id.* at 1026–28. However, the *Lockett* ruling depended in large part on a DOC regulation that no longer exists. *Id.*; *See Schneider v. Kostolihryz*, No. 19-CV-756-JDP, 2020 WL 5204061 (W.D. Wis. Sept. 1, 2020). Specifically, the Seventh Circuit relied on the rule that required the CCE to "within five working days after receiving an appeal, issue a written receipt of the appeal to the inmate," *Id.*; Wis. Admin. Code § DOC 310.13(4) (2017). This requirement was removed in a 2018 amendment which became effective April 1, 2018. Currently, there is no requirement that the CCE provide a written receipt to the inmate when it receives an appeal. *Id.* § DOC 310.12 (2020).

There are factual disputes regarding whether Plaintiff exhausted his administrative remedies. Thus, the Court will deny Defendants' motion for summary judgment on exhaustion grounds. However, it is Plaintiff's burden to prove that he filed the appeal to the CCE. Thus, the Defendants may bring the exhaustion argument again in a motion on the merits.

### 4. CONCLUSION

The parties' submissions indicate a factual dispute as to whether Plaintiff exhausted his administrative remedies. Therefore, the Court shall deny Defendants' motion for summary judgment on exhaustion grounds.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment on exhaustion grounds (Docket #15) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motion to stay the summary judgment deadline until resolution of the exhaustion issue (Docket #28) be and the same is hereby **GRANTED in part**; and

**IT IS FURTHER ORDERED** that the deadlines in the Court's scheduling order (Docket #14) be and the same are hereby **VACATED**. In

Page 6 of 7
Case 2:19-cv-01574-JPS   Filed 09/14/20   Page 6 of 7   Document 29

light of the yet uncertain breadth, depth, and trajectory of the COVID-19 pandemic, and until a safe and efficacious vaccine is available, the scheduling order deadlines will not be re-set until such time as circumstances warrant.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge