# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORNELIUS A. GREEN, JR.,

    Plaintiff,

v.

ANDREW POHL and JOHN BIRDYSHAW,

    Defendants.

Case No. 19-CV-1574-JPS

**ORDER**

    Cornelius A. Green, Jr. ("Plaintiff"), a prisoner at Waupun Correctional Institution ("Waupun"), brings this action *pro se* pursuant to 42 U.S.C. § 1983 against Andrew Pohl and John Birdyshaw ("Defendants"), Correctional Officers at Waupun. (Docket #1). Plaintiff alleges that Defendants violated his Eighth Amendment rights by using excessive force. (*Id.*) On January 23, 2020, Defendants filed a motion for summary judgment based on exhaustion grounds. (Docket #15). On September 14, 2020, the Court denied Defendants' motion for summary judgment and vacated the scheduling order due to the COVID-19 pandemic. (Docket #29). Defendants filed a motion for reconsideration. (Docket #30). Additionally, Plaintiff filed a motion to compel. (Docket #34). This Order will resolve the pending motions.

    Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") allows the Court to vacate a prior order based on, *inter alia*, a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional

circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

In their motion for summary judgment on exhaustion, Defendants argued that Plaintiff failed to exhaust his administrative remedies because he did not appeal the inmate complaint dismissal to the Corrections Complaint Examiner ("CCE"). (Docket #16 at 5). In response, Plaintiff stated that he did appeal the dismissal, but he did not receive a response from the CCE. (Docket #20 at 2). Defendants replied by arguing that Wisconsin's Inmate Complaint Tracking System ("ICTS") employs a receipt system, and Plaintiff admits he never received a receipt or response. (Docket #22 at 1–2). Defendants relied upon *Lockett v. Bonson*, 937 F.2d 1016 (7th Cir. 2019), a case in which the Seventh Circuit concluded that a Wisconsin inmate had failed to exhaust his administrative remedies even though the inmate said that he had filed an appeal. This Court found Defendants' reliance on *Lockett* misplaced because the *Lockett* ruling depended in large part on a regulation—which required the CCE to issue a receipt to the inmate when it received an appeal—that no longer exists. (Docket #29 at 5–6). Thus, this Court denied Defendants' motion for summary judgment on exhaustion grounds. (*Id.* at 6).

In their motion for reconsideration, Defendants raise an entirely new exhaustion argument. Defendants now assert that even if Plaintiff had in fact submitted his appeal to the CCE, he still filed this action prematurely. Absent a ruling from the Secretary, Plaintiff needed to wait at least 90 days from filing his appeal to bring this action. (Docket #30 at 1–2). Defendants argue that because Plaintiff only waited 28 days, his action must be dismissed for failure to exhaust. (*Id.*) Although this may be true, Defendants

could have brought this argument up in their prior motion for summary judgment and chose not to. Defendants' new argument does not contain any information that was not available to them at the time they brought their prior motion for summary judgment. Rule 60(b) does not exist to give losing parties a second bite at the apple, particularly when the evidence or argument they should have presented was within their grasp at the opportune moment. *See Buchanan v. Ill. Dep't of Human Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001). Defendants are welcome to bring this argument up again in a motion for summary judgment on the merits. However, the Court will not grant Defendants' motion for reconsideration based on an argument that Defendants could have made in their prior motion for summary judgment.

Lastly, Plaintiff filed a motion to compel the Defendants to answer certain interrogatories. (Docket #34). Plaintiff did not, however, file a written certification that he made a good faith effort to confer or attempted to confer with Defendants before filing his motion to compel, which is required by Civil L.R. 37. Because Plaintiff failed to follow Civil L.R. 37, the Court will deny his motion to compel. However, as this Order denies Defendants' motion for reconsideration, discovery shall now proceed and Defendants shall respond to Plaintiff's discovery requests as required by Civil L.R. 26–37.

Accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration (Docket #30) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Docket #34) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge