UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CORNELIUS A. GREEN, JR.,**

    Plaintiff,

    v.                                  **Case No. 19-CV-1574-JPS-WED**

**ANDREW POHL, et al.,**

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Cornelius Green is representing himself in this 42 U.S.C. § 1983 case. On October 26, 2021, U.S. District Judge J. P. Stadtmueller referred the case to this court for an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on the issue of whether Green exhausted his administrative remedies before filing his lawsuit. On December 6, 2021, the parties appeared before the court. For the following reasons, the court recommends that this case not be dismissed and that the court conclude that Green exhausted the administrative remedies that were available to him.

## EXHAUSTION STANDARD

The Prison Litigation Reform Act (PLRA) applies to this case because Green was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

According to the Supreme Court, the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). That said, a prisoner is not required to exhaust his administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

## BACKGROUND

On January 23, 2020, the defendants moved for summary judgment on the ground that Green did not exhaust the available administrative remedies before he filed his lawsuit. (ECF No. 15.) The defendants noted that Green filed an inmate complaint related to the excessive force claims against them. However, according to the defendants, Green did not appeal the dismissal of his inmate complaint as required by the regulations. The defendants argued that, because Green failed to appeal the dismissal, he did not exhaust the available administrative remedies.

Green disputed that he did not appeal the dismissal. (ECF No. 20.) He explained that he completed an appeal form within fourteen days and placed it in the

2

institution mail but received no response. (ECF No. 26.) Green asserted that it should not be his burden to ensure the appeal is delivered.

On September 14, 2020, District Judge Stadtmueller denied the defendants' motion for summary judgment, finding that there were factual disputes regarding whether Green exhausted his administrative remedies. (ECF No. 29 at 6.) That same day the defendants filed a motion for reconsideration "based on intervening authority." (ECF No. 30.) The defendants argued that, per the regulations, absent a final ruling from the Secretary of the Department of Corrections, Green's appeal was not exhausted until 90 days after the corrections complaint examiner received his appeal. Given Green's assertion that he mailed his appeal on September 30, 2019, absent a decision from the Secretary, his appeal would not be fully exhausted until December 30, 2019; however, Green filed his lawsuit on October 28, 2019. Thus, according to the defendants, dismissal was appropriate because Green filed his lawsuit before fully exhausting.

On July 7, 2021, Judge Stadtmueller denied the defendants' motion for reconsideration, explaining that the defendants could have raised this argument in their prior motion for summary judgment but chose not to. He declined to give the defendants "a second bite at the apple, particularly when the evidence or argument they should have presented was within their grasp at the opportune moment." (ECF No. 37 at 3.)

On October 12, 2021, the defendants requested an evidentiary hearing on the exhaustion issue pursuant to *Pavey v. Conley*. (ECF No. 45.) Judge Stadtmueller

3

granted their motion on October 26, 2021, and referred the case to this court for an evidentiary hearing.

## EVIDENTIARY HEARING

On December 6, 2021, the court held an evidentiary hearing. The parties presented evidence consistent with their filings. Specifically, Emily Davidson, the corrections complaint examiner, testified that Green filed one inmate complaint about the claims at issue in his lawsuit. She noted that there was no record of Green having appealed the dismissal of his inmate complaint. Davidson explained that the system currently used by the Department of Corrections automatically issues a receipt to an inmate when an appeal is received, but she conceded that there is no policy or regulation informing an inmate that they should expect to receive a receipt. Defendants' counsel argued that, given that no appeal was received, the court should conclude that Green failed to appeal the dismissal of his inmate complaint.

Green testified that he prepared his appeal on September 30, 2019, placed it in an envelope, and put it in the mail. He said he expected to hear something in a week or two, so when he heard nothing he decided to move on with his case. Green conceded that he filed this lawsuit about a month after he mailed in his appeal of the dismissal of his inmate complaint. Green argued that he had no control over the delivery of his appeal and that his case should not be dismissed for filing his lawsuit before fully exhausting because Judge Stadtmueller had ruled that the defendants waived that argument when they failed to raise it in their original summary judgment motion.

4

## ANALYSIS

Exhaustion of administrative remedies is an affirmative defense. Therefore, it is the defendants' burden to show that Green failed to exhaust. *See Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). The defendants have not met their burden, and the court recommends that this case not be dismissed based on the ground that Green failed to exhaust his administrative remedies.

As the Seventh Circuit has consistently explained, the PLRA does not demand the impossible. *Pyles*, 829 F.3d at 864. "Remedies that are genuinely unavailable or nonexistent need not be exhausted," and a remedy may become unavailable when prison officials fail to respond to a properly filed grievance or appeal. *Id.* When a prisoner properly follows procedures and is not responsible for the mishandling of his grievance or appeal, he is considered to have exhausted his administrative remedies. *See id.*; *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006).

The court finds that both Davidson and Green were credible. Davidson testified that no appeal was received from Green. Green did not challenge Davidson's testimony. He conceded that he has no way of knowing whether his appeal was received, but he testified that he completed an appeal form and placed it in the mail on September 30, 2019. As Green explained, he had no control over what happened to the appeal once he placed it in the mail.

The defendants presented no evidence that caused the court to doubt Green's testimony. The mere fact that no appeal was received does not lead to the conclusion that no appeal was mailed. In fact, Davidson conceded that she has received inquiries

5

from other inmates about missing appeals, suggesting that not all appeals make it to their intended destination. And although Green did not follow up on his pending appeal, nothing in the regulations required him to do so. Thus, his decision to "move on" when he heard nothing in response to his appeal was reasonable.

The defendants noted that Green is serving a sentence in connection with a hit and run, which they argue is a crime of dishonesty. They also noted that Green has received two conduct reports for lying to prison staff. But the circumstances surrounding a person's decision to flee a car accident are significantly different from the circumstances surrounding a person lying in a court proceeding. Also, while Green conceded he received a conduct report for telling an officer he was no longer on room confinement, he explained that he received the second conduct report in error because the prison official did not have all the necessary information when deciding to discipline him. Green was upfront and frank about each of these incidents, bolstering his credibility.

In short, the defendants presented no evidence to call into question Green's testimony that he prepared and mailed an appeal on September 30, 2019. Because Green did all that the regulations required of him, the court recommends a finding that he exhausted the administrative remedies that were available to him. *See Dole*, 438 F.3d at 809-11.

Finally, at the close of the hearing, the court invited additional briefing on the question of whether Green's case should be dismissed because he prematurely filed his lawsuit when he did not wait the full 90 days for the Secretary to respond. Because

6

this case had been referred for a limited purpose, the court was not fully familiar with Judge Stadtmueller's prior decision on this question. Having reviewed his decision since the hearing, the court finds that no further briefing is necessary. If the defendants believe dismissal on that basis is warranted, they must raise that issue with Judge Stadtmueller.

**IT IS THEREFORE RECOMMENDED** that this case not be dismissed and that the court conclude that Green exhausted the administrative remedies that were available to him.

**IT IS FURTHER ORDERED** that the briefing schedule set at the December 6, 2021 evidentiary hearing is **VACATED**.

The parties' attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), which allow the parties to file written objections to the court's recommendation within fourteen days of service of the recommendation. Failure to timely file objections with the district court shall result in a waiver of the right to appeal.

Dated in Milwaukee, Wisconsin this 7th day of December, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge