# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CORNELIUS A. GREEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW POHL and JOHN BIRDYSHAW, <br><br> Defendants. | Case No. 19-CV-1574-JPS <br><br><br> **ORDER** |

This case comes to the Court on arguments about whether Plaintiff Cornelius A. Green, Jr. ("Plaintiff") exhausted his administrative remedies. On September 14, 2020, the Court denied Defendants' motion for summary judgment based on exhaustion grounds. (Docket #29). Defendants filed a motion for reconsideration, (Docket #30), and the Court denied it, (Docket #37), and later sent the case to Magistrate Judge William E. Duffin for a *Pavey* hearing, (Docket #48). For the reasons explained below, the Court will dismiss this case without prejudice for failure to exhaust.

1.  **BACKGROUND**[1]

In their motion for summary judgment, Defendants raised one argument on exhaustion: Plaintiff failed to appeal the dismissal of his prisoner complaint as required under the Wisconsin Administrative Code. (Docket #16 at 5). Plaintiff responded that he attempted to appeal the dismissal of his complaint by mailing the proper forms within the required time. (Docket #20 at 2). According to Plaintiff, it was not his responsibility

---

[1]The underlying facts of this case are more fully presented in the Court's earlier order on summary judgment. (*See* Docket #29).

to ensure his appeal form made it to the proper reviewing authority and he had no reason to believe he did not exhaust his administrative remedies. (*Id.*) Because of this dispute over a material fact, the Court denied Defendants' motion for summary judgment. (Docket #29).

Defendants then filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). (Docket #30). Therein, Defendants raised a new argument for the first time: Plaintiff did not wait 90 days to file his federal suit, as required when a prisoner does not receive any final decision on appeal from the Secretary of the DOC. (*Id.* at 1–2); *see* Wis. Admin. Code § DOC 310.13(4). The Court denied this motion, noting that Defendants waived this argument by failing to raise it in their motion for summary judgment. (Docket #37). The Court wrote, "Rule 60(b) does not exist to give losing parties a second bite at the apple, particularly when the evidence or argument they should have presented was within their grasp at the opportune moment." (*Id.* at 3).

Shortly thereafter, Defendants filed a motion to schedule a *Pavey* hearing. The Court referred the case to Magistrate Judge Duffin to conduct such a hearing. On December 7, 2021, Magistrate Judge Duffin issued a Report and Recommendation (the "R&R"). (Docket #55). Therein, Magistrate Judge Duffin concluded that Defendants presented no evidence to call into question Plaintiff's testimony that he prepared and mailed a timely appeal on September 30, 2019. (*Id.* at 6). Magistrate Judge Duffin found that Plaintiff "did all that the regulations required of him" and, therefore, recommended that the Court find that Plaintiff exhausted his administrative remedies. (*Id.*)

At the close of the *Pavey* hearing, Magistrate Judge Duffin invited additional briefing on the question of whether Plaintiff's case should be

dismissed because he prematurely filed his lawsuit when he did not wait the full 90 days for the Secretary to respond. (*Id.*) However, after further review of this Court's earlier order on Defendants' motion to reconsider, Magistrate Judge Duffin instructed that such briefing was unnecessary: "[i]f the defendants believe dismissal on that basis is warranted, they must raise that issue with Judge Stadtmueller." (*Id.*)

On December 8, 2021, Defendants filed an objection to Magistrate Judge Duffin's R&R. (Docket #56). Defendants again raise the argument that Plaintiff did not wait the required 90 days before filing his federal case. (*Id.* at 4–5). At the *Pavey* hearing, Plaintiff objected to this argument, citing Defendants' waiver of it at the summary judgment stage. (*Id.* at 5). However, Plaintiff did not respond to Defendants' objection to the R&R.

## 2. ANALYSIS

"The Seventh Circuit has recognized that a defendant 'may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations.'" *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *6 (N.D. Ill. Oct. 19, 2001) (quoting *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999)). "Like a statute of limitations, the PLRA exhaustion requirement is a non-jurisdictional prerequisite to suit that can be waived where the defendants do not raise the defense in a timely manner." *Id.* (citing *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000); *Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999) ("normally the failure to plead a defense in a timely fashion is a waiver")). Still, "'[t]he statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies' is best served by investigating exhaustion at the outset." *Robinson v. Budde*, No. 18-CV-6998,

2021 WL 1722857, at *3 (N.D. Ill. Apr. 30, 2021) (quoting *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)).

Presently, the parties stand in a situation wherein Defendants missed an *obvious and winning* argument on exhaustion when they filed their initial motion for summary judgment. The Court told them that this argument was waived as to their initial motion, but that they were "welcome to bring this argument up again in a motion for summary judgment on the merits." (Docket #37 at 3). Instead, the case went to a *Pavey* hearing whereat Magistrate Judge Duffin concluded that Defendants presented no evidence to call into question Plaintiff's testimony that he prepared and mailed a timely appeal on September 30, 2019. Thus, the argument Defendants made in their motion for summary judgment rightfully failed.

However, it cannot be disputed that this case was filed on October 28, 2019, (*see* Docket #1)— a mere 14 days after Plaintiff attempted to appeal his inmate complaint. Defendants argue in their objection to the R&R that Plaintiff's case was premature and, therefore, he did not exhaust his administrative remedies. Although the procedural posture of this defense is imperfect, the Court does not need to prolong this case and require Defendants to submit a formal motion for summary judgment. The facts and law are clear and not in dispute. Plaintiff did not exhaust his administrative remedies.

3.  **CONCLUSION**

For the reasons stated herein, the Court will dismiss this case without prejudice for failure to exhaust. The Court will adopt Magistrate Judge Duffin's findings of credibility and fact, but the Court will decline to adopt his recommendation that this case not be dismissed. It is clear from

the arguments and testimony of the parties that Plaintiff did not wait 90 days to file his federal suit and, thus, did not exhaust his administrative remedies.

The Court closes with a message to Defendants. The Wisconsin Department of Justice is well aware of the amount of prisoner litigation facing the federal court system. As frequent defenders of the state's employees and institutions in prison civil rights cases, counsel must take care to fully and adequately address the gatekeeping defenses offered in the PLRA—exhaustion being the chief among them—as soon as possible. This case could have avoided much of the ink spilled and time spent on it had the 90-day defense been raised back in January 2020.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation (Docket #55) be and the same is hereby **ADOPTED in part and REJECTED in part**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge